IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUADREY SALAAM-ROANE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1359-RGA |
| CONNECTIONS CSP, INC., et al., | : |
| Defendants. | : |

Quadrey Salaam-Roane, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Karine Sarkisian, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendant Connections Community Support Programs, Inc.

**MEMORANDUM OPINION**

February 11, 2019
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Quadrey Salaam-Roane, Jr., an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). Before the Court is Defendant Connections Community Support Programs, Inc.'s motion to dismiss.[2] (D.I. 18). Briefing is complete.

## BACKGROUND

The Court screened the Complaint on December 28, 2017, and identified cognizable and non-frivolous claims. (*See* D.I. 9). Connections moves to dismiss pursuant to Rule 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief may be granted. Connections argues that, while Plaintiff alleges it should be liable for deficient policies and customs, Plaintiff has not shown with factual support an unreasonable risk of harm resulting from the exiting policy or custom or Connections' awareness of and deliberate indifference to it. Plaintiff opposes the motion, contends the Complaint contains "well pleaded facts" and, in the alternative, he should be permitted to amend before the Court rules on the motion to amend.

## LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] Defendant Mitchell A. White has been served but has not answered or otherwise appeared. (*See* D.I. 12).

1

plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether

a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). To establish that Defendant is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). Because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories. *Id.* Assuming the acts of Defendant's employees have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice [is] so likely to result in the violation of constitutional rights[] that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584.

"'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand,

3

can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Miller*, 802 F.Supp. at 1132.

As noted above, Connections argues dismissal is appropriate because the Complaint does not contain the required factual support of an unreasonable risk of harm resulting from the existing policy or custom or Connections' awareness of and deliberate indifference to it. The Complaint was screened, and I determined that it raised non-frivolous and cognizable claims. The legal standard used when screening prisoner cases is identical to the Rule 12(b)(6) dismissal standard. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Nothing has changed since the case was screened. In addition, the Court must liberally construe the Complaint. In doing so, I find its allegations sufficient to withstand the instant motion to dismiss. While discovery may show that Connections acted properly, at this early stage of the litigation, Plaintiff has pled sufficient facts to proceed against it. Therefore, the Court will deny the motion to dismiss. (D.I. 18).

## CONCLUSION

For the above reasons, the Court will deny Connections Community Support Programs, Inc.'s motion to dismiss. (D.I. 18).

An appropriate order will be entered.