IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

QUADREY SALAAM-ROANE,

    Plaintiff,

v. : Civil Action No. 17-1359-RGA

CONNECTIONS CSP, INC., et al.,

    Defendants.

Quadrey Salaam-Roane, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Karine Sarkisian, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendants.

**MEMORANDUM OPINION**

July _, 2019
Wilmington, Delaware

*{signature}*
ANDREWS, U.S. District Judge:

Plaintiff Quadrey Salaam-Roane, Jr., an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Before the Court is Defendant Mitchell A. White's motion to dismiss. (D.I. 36). Briefing is complete.

## BACKGROUND

The Court screened the Complaint on December 28, 2017, and identified cognizable and non-frivolous claims. (*See* D.I. 9). White moves to dismiss pursuant to Rule 12(b)(6) on two grounds: (1) that the Complaint fails to state a claim for deliberate indifference under the Eighth Amendment; and (2) Plaintiff did not comply with the requisites of Delaware's Health Care Negligence Insurance and Litigation Act, 8 Del. C. §§ 6801-6865. Plaintiff opposes the motion and notes that the Complaint survived the Court's initial screening.

## LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

*Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

**Eighth Amendment.** The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable

claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

As noted above, White argues that dismissal is appropriate for failure to state a claim for deliberate indifference under the Eighth Amendment. In doing so, White relies

3

upon a recent Third Circuit case that upheld dismissal of a prisoner civil rights medical needs case, *Anderson v. Bickell*, 754 F. App'x 113 (3d Cir. 2018), to argue that challenges questioning medical judgment do not plausibly state a constitutional claim of deliberate indifference. *Anderson*, however, is distinguishable from the instant case. In *Anderson*, the Third Circuit specifically noted that the exhibits to the Complaint indicated that the inmate was provided a continuous course of treatment.

Here, the allegations are that Plaintiff submitted sick call slips around May 1, 2017, and was not seen by medical personnel until June 1, 2017 and then, only after presenting himself to the pod officer with complaints of unbearable pain. (D.I. 1 at ¶¶ 7-9). As alleged, Plaintiff was seen by White, who did not believe Plaintiff's complaints and told Plaintiff that he thought Plaintiff had been hit in the face. (*Id.* at ¶ 10). White then returned Plaintiff, who had a swollen face, to his housing unit where he remained in severe pain for another month. (*Id.* at ¶¶ 10-11). There are no allegations that White provided Plaintiff any treatment and there are no allegations that Plaintiff received any treatment from June 1, 2017, until July 3, 2017 when a dentist extracted his two front teeth due to a dental abscess. (*Id.* at ¶¶ 11-13). The Complaint was screened, and I determined that it raised non-frivolous and cognizable claims. The legal standard used when screening prisoner cases is identical to the Rule 12(b)(6) dismissal standard. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Nothing has changed since the case was screened. In addition, the Court must liberally construe the Complaint. In doing so, I find its allegations sufficient to withstand the instant motion to dismiss Plaintiff's claim raised under the Eighth Amendment. While discovery may show that White acted properly, at this early stage of the litigation, Plaintiff has pled

4

sufficient facts to proceed against him. Therefore, the Court will deny the motion to dismiss the Eighth Amendment claim.

**Negligence.** The Complaint alleges dental malpractice and negligence. White moves to dismiss the negligence claim on the ground that he is not a dentist, dental hygienist, or dental assistant, but is a physician's assistant. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Foundation*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853. To the extent Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Plaintiff failed to accompany the Complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1) and, therefore, the Court will grant the motion to dismiss medical negligence claims raised against White.

To the extend Plaintiff alleges dental malpractice or negligence, the Health Care Negligence Insurance and Litigation Act specifically excludes dentists. *See* 18 Del. C. § 6801(5) ("health care provider" means a person, corporation, facility or institution licensed by this State pursuant to Title 24, excluding Chapter 11 (*i.e.*, dentistry and dentistry hygiene)). The complaint contains allegations of dental negligence. However, it does not identify White as a dental health care provider under Chapter 11, but

5

specifically identifies White as a physician's assistant licensed under 24 Del. C. § 1770A. Thus, the exception contained in § 6801(5) is inapplicable to White. Accordingly, any negligence claim raised against White must meet the requirements of the Health Care Negligence Insurance and Litigation Act. As discussed above, those requirements were not met. Therefore, the Court will grant the motion to dismiss the medical negligence claims raised against White.

## CONCLUSION

For the above reasons, the Court will grant in part and deny Mitchell A. White's motion to dismiss. (D.I. 36). The matter proceeds on the 42 U.S.C. § 1983 claims raised against White.

An appropriate order will be entered.